**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JOSEPH CHRISTOPHER SHARPE,

        Plaintiff,

v                                                                              Case No: 6:12-cv-524-Orl-37GJK

SKY KING, INC.; and FRANK J. VISCONTI,

        Defendants.

**ORDER**

This cause is before the Court on the Joint Stipulated Notice of Voluntary Dismissal with Respect to Defendant Visconti (Count I) (Doc. 64), May 14, 2015. Plaintiff asserted a claim in this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, against Defendants Sky King, Inc. and Frank J. Visconti. (Doc. 1.) Plaintiff now seeks to voluntarily dismiss the FLSA claim against Defendant Visconti pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Even if the parties stipulate to dismissal, a plaintiff's ability to voluntarily dismiss an action pursuant to Rule 41(a)(1)(A)(i) is "[s]ubject to . . . any applicable federal statute." The Court considers the FLSA an "applicable federal statute" and, therefore, concludes that a plaintiff may not dismiss an FLSA claim without a court order. *See Pearson v. THD at Home Services, Inc.*, No. 10-14463, slip op. at 5-6 (11th Cir. Aug. 12, 2011) (dismissing an interlocutory appeal of an order denying a joint stipulation of dismissal in an FLSA case); *see also Cabral v. Alberto & Alberto Enter. Corp.*, No. 6:12-cv-742, slip op. at 1-2 (M.D. Fla. Jul. 19, 2012) (finding a Rule 41(a)(1)(A)(ii) stipulation ineffective because the FLSA is an "applicable federal statute"); *Fread v. The New York Times Co.*, No. 10-cv-

5646, slip op. at 1-3 (E.D.N.Y. Apr. 29, 2012) (same); *Lotierro v. Mario's Pizza of Bohemia, Inc.*, No. 11-cv-3554, slip op. at 1-2 (E.D.N.Y. Apr. 4, 2012) (same). This view is reinforced by the plain meaning and structure of the FLSA; its unique significance and legislative history; its exclusive remedies; and over seventy years of judicial application of its provisions. *See, e.g.*, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227 (M.D. Fla. 2010). Thus, the Court concludes that the Rule 41(a)(1)(A)(ii) joint notice of voluntary dismissal filed in this action is not effective.

Nevertheless, the Court will construe the notice as a motion under Rule 41(a)(2), which the Court will grant with the following caveat. In *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982), the Eleventh Circuit concluded that the only means by which an agreement to compromise an FLSA claim may become final and enforceable is if the agreement is approved by a district court or the U.S. Department of Labor. Since the Court rejected Plaintiff and Defendant Visconti's prior settlement agreement (*see* Docs. 62, 63) and the parties have not submitted an amended settlement agreement for approval, any agreement reached by the parties that is a compromise of an FLSA claim is unenforceable. *See Skeen v. Seminole Machine & Welding, Inc.*, No. 8:11-cv-2233, slip op. 2-3 (M.D. Fla. Jun. 21, 2012). As such, the Court will not entertain an application for the enforcement of any such agreement, if one exists, and will not entertain an application for attorney's fees and costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Joint Stipulated Notice of Voluntary Dismissal with Respect to Defendant Visconti (Count I) (Doc. 64), which the Court construed as a Rule 41(a)(2) motion, is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE** against Defendant Frank J. Visconti. The action,

including the FLSA claim in Count I, shall proceed against Defendant Sky King, Inc.

**DONE AND ORDERED** in Orlando, Florida, this 22 day of May, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:  Counsel of Record